536

Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.

In the Matter of WILLIAM BRENNER et al., Respondents, v. WILLIAM E. VINES et al., Constituting the Town Board of the Town of Clarkstown, et al., Appellants.—

Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.

In the Matter of DOMILPAT RESTAURANT, INC., Appellant, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.—

Christ, P. J., Rabin, Hopkins, Munder and Benjamin, JJ., concur.

■ In the Matter of DOMILPAT RESTAURANT, INC., Appellant, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.—

Rabin, Acting P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ In the Matter of MELVIN FULLER et al., Appellants, v. CHARLES J. URSTADT, as Commissioner of New York State Division of Housing and Community Renewal, and Commissioner of New York State Housing Finance Agency, Respondent.—

No opinion. Munder, Acting P. J., Martuscello, Latham and Kleinfeld, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment insofar as appealed from, to annul respondent's determination, and to remit the matter to respondent for reconsideration after notice to petitioners of the reasons for their eviction and an opportunity for petitioners to rebut those reasons at a hearing, with the following memorandum: Respondent State Housing Finance Agency is a public benefit corporation created to facilitate the financing of low income housing. Since 1964 it has had statutory power to rent apartments in Mitchell-Lama developments and sublet them at lower rentals to low income families. In 1964 it leased a number of apartments in Ebbets Field Housing, a Mitchell-Lama development, at rentals payable by it to Field Housing Co., Inc., a limited-profit company which owns Ebbets Field Housing. The lease authorized respondent to sublet the apartments to those it found eligible under the Private Housing Law. On July 1, 1966 respondent sublet one of its Ebbets Field apartments to petitioners for a three-year term at a rental of $113.56 per month —substantially less than it paid to Field. It is undisputed that ordinarily such leases are renewed for another three-year term if the subtenant is still qualified by income standards and has fulfilled his lease obligations. On April 24, 1969 respondent notified petitioners that they had been found ineligible for their apartment and their sublease would be terminated on May 26, 1969. Petitioners' sublease expired on June 30, 1969 and it was not renewed. A Civil Court holdover proceeding against petitioners was dismissed on procedural grounds and on August 4, 1969 petitioners received another notice to vacate which again stated that they had been found ineligible for occupancy under the low-cost housing program. On November 6, 1969 respondent instituted another holdover proceeding against petitioners in the Civil Court. On November 14, 1969 peti-